D. Nicole Lesani
Nevada Bar No. 13171
nicole.lesani@sands.com
VENETIAN CASINO RESORT, LLC
3355 Las Vegas Boulevard South
Las Vegas, NV 89109
Tel:  (702) 607-3421
Fax:  (702) 414-4421

Molly M. Rezac
Nevada Bar No. 7435
molly.rezac@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
50 West Liberty Street, Suite 920
Reno, NV  89501
Telephone:  775.440.2372
Fax:  775.440.2376

*Attorneys for Defendant Venetian Casino Resort, LLC*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ZACH MCGRALE,<br><br>                    Plaintiff,<br><br>vs.<br><br>VENETIAN CASINO RESORT, LLC, a Nevada Limited Liability Company,<br><br>                    Defendant. | Case No.:  2:19-cv-01960-RFB-BNW<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY AND OTHER DEADLINES**<br><br>**(SECOND REQUEST)** |

Pursuant to Local Rule ("LR") IA 6-1, LR IA 6-2, LR 7-1, and LR 26-4, Defendant Venetian Casino Resort, LLC ("Defendant") and Plaintiff Zach McGrale ("Plaintiff") (collectively referred to as the "Parties"), by and through their respective undersigned counsel, hereby stipulate and request that the discovery cut off (currently set for August 10, 2020) be extended for a period of sixty (60) days.  This is the Parties' second request for an extension[1].

---

[1] In their first request, the parties recognized that if business closures persisted past May 15, 2020, an additional extension would likely be necessary.  Nevada did not enter Phase 2 where Defendant was allowed to reopen until June 4, 2020.

1  Good cause exists for the extension of the deadlines in this matter.  As a result of the COVID-
2  19 pandemic, Defendant closed its property on March 17, 2020.  As a result, its employees, including
3  individuals who would be percipient witnesses in this case, did not have access to the property and
4  some individuals were not working.  As such, discovery in this case was not possible during the
5  business closures.  Defendant was able to open on June 4, 2020, and the parties are now in a position
6  to resume discovery in this matter.  Moreover, with respect to the Interim Status Report and initial
7  expert disclosures, the Parties submit that there is good cause, as well as excusable neglect, present
8  to allow the extension of these deadlines, given the COVID-19 pandemic and attendant business-
9  related closure and reopening issues that took the Parties' and counsels' attention away from these
10 deadlines.  As a result of all the above, the Parties respectfully seek a sixty (60) day extension of all
11 discovery deadlines.

## I.   DISCOVERY TO BE COMPLETED

Defendant served Plaintiff with its Initial Disclosures on February 19, 2020 and Plaintiff served Defendant with his Initial Disclosures on February 20, 2020.  As the Parties had only been able to exchange initial disclosures before the COVID-19 pandemic began and the resultant business closures occurred, the Parties' outstanding discovery includes written discovery, deposition of the Parties and percipient witnesses, as well as third-party discovery, including subpoenas.

## II.  REVISED PROPOSED DISCOVERY PLAN

All discovery in this case will be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of this District Court.  The Parties propose to the Court the following cut-off dates:

   a.  **Discovery Cut-Off Date**:  The discovery cut-off deadline shall be **Friday, October 9, 2020**.

   b.  **Expert Disclosures**:  The expert disclosure deadline shall be **Monday, August 10, 2020**, sixty (60) days prior to the discovery cut-off date of October 9, 2020, in accordance with LR 26-1(b)(3).  Rebuttal expert disclosures shall be made by **Wednesday September 9, 2020**, thirty (30) days after the initial disclosure of experts deadline in accordance with LR 26-1(b)(3).

2

    c.    **Interim Status Report**: In accordance with LR 26-3, the parties shall file the Interim Status Report by **Monday, August 10, 2020**, sixty (60) days prior to the discovery cut-off date of October 9, 2020.

    d.    **Dispositive Motions**: Dispositive motions shall be filed by **Monday, November 9, 2020**, thirty-one (31) days after the discovery cut-off date of October 9, 2020, as the thirtieth day falls on a Sunday, in accordance with LR 26-1(b)(4).

    e.    **Motions In Limine/*Daubert* Motions:** Pursuant to LR 16-3(b), and unless the District Judge issues an Order with a different deadline or briefing schedule, any motions in limine, including *Daubert* type motions, shall be filed and served thirty (30) days prior to trial. Oppositions shall be filed and served and the motion submitted for decision fourteen (14) days thereafter. Reply briefs will only be allowed with leave of court.

    f.    **Pretrial Order:** The Pretrial Order shall be filed no later than **Wednesday December 9, 2020**, thirty (30) days after the deadline for filing dispositive motions date of November 9, 2020, in accordance with LR 26-1(b)(5). In the event dispositive motions have been filed, the Pretrial Order shall be suspended until thirty (30) days after a decision of the dispositive motions or further order of the Court.

    g.    **FRCP 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the final pretrial order in accordance with Local Rule 26-1(b)(6).

    h.    **Extension or Modification of the Discovery Plan and Scheduling Order:** In accordance with LR 26-4, any motion or stipulation to extend a deadline set forth in this discovery plan and scheduling order must be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable negligence.

This Stipulation to Extend Discovery and Other Deadlines is not submitted for purposes of delay. For the reasons stated above, good cause exists to extend the discovery cut-off and other deadlines in this matter.

IT IS SO STIPULATED.

DATED this 2nd day of July, 2020.   DATED this 2nd day of July, 2020.

*/s/ Joseph M. Ortuno*
Daniel R. Watkins
Nevada Bar No. 11881
Joseph M. Ortuno
Nevada Bar No. 11233
WATKINS & LETOFSKY, LLP
8215 S. Eastern Ave., Ste. 265
Las Vegas, NV 89123
Tel: (702) 901-7553
*Attorneys for Plaintiff Zach McGrale*

*/s/ Molly M. Rezac*
D. Nicole Lesani
Nevada Bar No. 13171
VENETIAN CASINO RESORT, LLC
3355 Las Vegas Boulevard South
Las Vegas, NV 89109
Tel: (702) 607-3421

Molly M. Rezac
Nevada Bar No. 7435
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
50 West Liberty Street, Suite 920
Reno, NV 89501
Telephone: 775.440.2372

*Attorneys for Defendant Venetian Casino Resort, LLC*

IT IS SO ORDERED.

**ORDER**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: July 6, 2020

4